UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRAD A. MART, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )  Case:  3:10-cv-00118-JTM-CAN |
| | ) |
| BERKSHIRE HATHAWAY, INC., | ) |
| FOREST RIVER, INC. and | ) |
| PETER J. LIEGL, | ) |
| | ) |
|     Defendants. | ) |

**BRIEF IN SUPPORT OF DEFENDANTS FOREST RIVER, INC. AND
PETER J. LIEGL'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**

Plaintiff Brad Mart's ("Plaintiff" or "Mart") 106-paragraph complaint alleging multiple state and federal law claims is burdened with irrelevant facts and unsupported legal conclusions. None of Plaintiff's state law claims has any basis in law or in fact.  Defendants Forest River, Inc. ("Forest River") and Peter J. Liegl ("Liegl") (collectively, the "Forest River Defendants") seek dismissal, pursuant to Fed. R. Civ. P. 12(b)(6), of all of the state law claims -- breach of contract, retaliatory discharge, negligent misrepresentation, and defamation.  As a matter of law, Plaintiff's factual allegations do not sustain his contract, retaliatory discharge, and misrepresentation claims.  Moreover, Plaintiff has failed to allege *any facts at all* to support his claim that the Forest River Defendants defamed him.  Dismissal of Counts I, III, IV, and VII (sic) is therefore appropriate.[1]

---

[1] Plaintiff's Amended Complaint does not contain a Count V; thus Count VII is actually Count VI.

1

**SUMMARY OF THE CASE**

Forest River, an Elkhart, Indiana-based recreational vehicle manufacturer, employed Plaintiff Brad Mart from mid-2006 until late November 2008. (Am. Compl. ¶1 ). On February 17, 2009, Plaintiff filed a complaint with the Department of Labor alleging he had been fired in violation of the whistle-blower provisions of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A ("SOX"). In April of 2010, Plaintiff filed his 106-paragraph Complaint (Docket No. 1) and subsequently filed an Amended Complaint (Docket No. 5), against his former employer, Forest River, Forest River's President and CEO, Peter J. Liegl, and Forest River's parent company, Berkshire Hathaway, Inc. ("Berkshire"). The federal court action added four state law claims and a claim under the Family and Medical Leave Act ("FMLA") to Plaintiff's SOX complaint against these Defendants.

The Forest River Defendants, pursuant to L.R. 7.1(b), are also filing a separate Motion to Dismiss the SOX claims for lack of subject matter jurisdiction under FRCP 12(b)(1). This Motion to Dismiss, filed under FRCP 12(b)(6), focuses on Plaintiff's Indiana state law claims against the Forest River Defendants, all of which should be dismissed for the following reasons: *First*, Plaintiff's breach of contract claim fails because the "writing" on which he relies does not create an employment contract under Indiana law as it lacks all of the requisite elements. Adding the missing elements with parol evidence creates a parol contract, which is barred by the Indiana Statute of Frauds. *Second*, the tort of retaliatory discharge for "whistle-blowing" is not recognized in Indiana. *Third*, Plaintiff's factual allegations of negligent misrepresentation are insufficient as a matter of law because they are premised upon promises of future conduct, and reliance that was unreasonable as a matter of law. *Fourth*, Plaintiff alleges only legal conclusions, not facts, to support his defamation claim, which consequently fails under the

standards outlined by the U.S. Supreme Court in *Twombly* and *Iqbal*. As explained in more detail below, for these reasons, Plaintiff's state law claims should be dismissed in their entirety.

## LAW & ANALYSIS

### I. RULE 12(B)(6) STANDARD

"A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, not its factual basis." *Alexander v. City of South Bend,* 256 F. Supp. 2d 865, 869 (N.D. Ind. 2003). To survive a motion to dismiss, Mart's allegations must conform to the pleading requirements set forth in FRCP 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court recently clarified the intersection of FRCPs 8 and 12 in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

In *Twombly*, the Court explained, the pleading requirements of Rule 8 are designed to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." 550 U.S. at 555. Detailed factual allegations are not required, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* In *Iqbal*, the Court further clarified that to survive a motion to dismiss under FRCP 12, a complaint

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. …Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

129 S.Ct. at 1949. A complaint that does not state a "plausible claim for relief" is properly dismissed under FRCP 12(b)(6). *Id.* at 1950. In this case, Plaintiff's state law claims against the Forest River Defendants do not state a plausible claim for relief, and thus should be dismissed.

## II. COUNT ONE – BREACH OF CONTRACT

Plaintiff's pleading against Forest River fails to establish the existence of a valid employment contract, and to the extent that Plaintiff must rely upon parol evidence to supply the missing element of the contract, his breach of contract claim is barred by the Statute of Frauds.

In Indiana, the two basic forms of employment are employment for a definite or ascertainable term or employment at-will. The determination of whether an employee is at-will is a legal determination. *Bee Window, Inc. v. Turman*, 716 N.E.2d 498, 500 (Ind. Ct. App. 1999) (dismissing a complaint alleging breach of an employment contract under IND. T.R. 12(B)(6) because the employment agreement did not contain a definite term of employment). There is a strong presumption "that employment is at-will and may be terminated at any time, with or without cause, by either party." *Id.* at 500-1.

### A. PLAINTIFF'S ALLEGED CONTRACT IS INSUFFICIENT ON ITS FACE.

In Count I of his Amended Complaint, Plaintiff alleges that Forest River breached a written employment agreement entered into on October 31, 2007 (the "Agreement") by failing to make Plaintiff CEO of Forest River. (Am. Compl. ¶¶63-69). But, the Agreement is not a contract. An employment contract must contain the following four elements to be valid: 1) the place of employment; 2) the period of employment; 3) the nature of services the employee is to render; and 4) the compensation the employee was to receive. *Majd Pour v. Basic Amer. Med., Inc.*, 512 N.E.2d 435, 439 (Ind. Ct. App. 1987). In determining whether an employment contract governs the relationship between parties, "[a] court may neither revise a contract nor supply omitted terms while professing to construe a contract." *Ewing v. Bd. of Trs. of Pulaski Mem'l Hosp.*, 486 N.E.2d 1094, 1098 (Ind. Ct. App. 1986), *trans. denied*. In short, "[a] court may not create a contract for the litigants." *Id*. Plaintiff's Agreement is insufficient as a matter of law.

The Agreement on which Plaintiff relies appears to meet three of the four elements set forth in *Majd Pour*. The Agreement states that the position is with Forest River, the position is for CEO, and that the compensation would be $175,000 per year. *See Firestone v. Std. Mgmt. Corp.*, No. 1:04-cv-01223, 2005 U.S. Dist. LEXIS 15471 at *13-14 (S.D. Ind. July 5, 2005) (simply referencing the position "CEO" sufficiently stated the nature of the services the employee was to render). But, Plaintiff's alleged employment agreement fails as a matter of law because it does not state the term of the Agreement. The decision in *Butts v. Oce-USA, Inc.*, 9 F. Supp.2d 1007, 1010-11 (S.D. Ind. 1998), guides this analysis and is directly on point. In *Butts*, the district court held that an employment offer letter did not amount to an employment contract when the offer letter simply referred to the offer for employment being effective on August 5, 1996, and referred to an annual salary. *Id.* at 1010. The *Butts* court found that this language was not sufficient to meet the period of employment factor. *Id.* at 1011. Thus, the employee was an at-will employee and could be discharged without just cause. *Id.*

As in *Butts*, the alleged Agreement here does not contain a provision addressing the period of employment. Rather, it simply states that the Agreement is effective October 31, 2007, and sets forth the annual salary of $175,000. (*See* Am. Compl. at Ex. 1). Providing an effective date does not establish the period of employment. Therefore, the Agreement, *on its face*, is not a valid employment agreement, and cannot provide the basis for a breach of contract claim against Forest River.

### B. PLAINTIFF'S ALLEGED CONTRACT FAILS UNDER THE STATUTE OF FRAUDS.

Under Indiana law, if a written document does not clearly express the four required elements, parol evidence may supply the missing terms. *See Henry Sch. Twp. of Henry County, Ind. v. Meredith*, 70 N.E. 393 (Ind. 1904); *Citizens Progress Co., Inc. v. James O. Held Co., Inc.*,

5

438 N.E.2d 1016, 1021 (Ind. Ct. App. 1982). The use of parol evidence in this manner creates a "parol contract" in which some terms are oral and some are written. *See Nat'l By-Prods., Inc. v. Ladd*, 555 N.E.2d 518, 520 (Ind. Ct. App. 1990). Parol contracts are considered to be oral contracts under the Statute of Frauds. *See id.* at 520; *James O. Held*, 438 N.E.2d at 1021. But, Plaintiff's contract cannot be saved by converting it into an oral contract.

Indiana's Statute of Frauds states that "any agreement that is not to be performed within one (1) year from the making thereof" must be in writing. IND. CODE § 32-21-1-1. The Statute of Frauds requires all employment contracts to be in writing unless the contract can be performed within a year or states that it is "for life." *See Wior v. Anchor Indus.*, 669 N.E.2d 172, 174-75 (Ind. 1996) (holding that an oral employment contract "until retirement" was unenforceable because the parties understood the plaintiff's retirement to be at least 20 years in the future); *Jarboe v. Landmark Cmty. Newspapers of Ind.*, 644 N.E.2d 118, 121 (Ind. 1994) (summarily affirming the lower court's determination that Jarboe could not recover on a breach of oral contract claim "because the oral contract for over one year is unenforceable under the Statute of Frauds."); *Mehling v. Dubois County Farm Bureau Coop. Ass'n, Inc.*, 601 N.E.2d 5, 7 (Ind. Ct. App. 1992); *Whiteco Indus., Inc. v. Kopani,* 514 N.E.2d 840, 846-47 (Ind. Ct. App. 1987).

In this case, because Plaintiff's Agreement is silent as to the period of the employment, any attempt to construe or create a period of employment requires Plaintiff to rely on parol evidence. This creates a parol contract because some of the terms are written and some are oral. Thus, the Agreement becomes an oral contract under the Statute of Frauds. Relying on the allegations in the Amended Complaint, this Agreement could not be completed in one year because Plaintiff alleges that he was supposed to become CEO at the end of 2008, yet the Agreement was executed on October 31, 2007. Moreover, because the Agreement does not

establish a duration, Plaintiff was an at-will employee and therefore, his employment could not have been performed within a year. Under the Statute of Frauds, the Agreement is not a valid and binding agreement and Plaintiff's claim for breach of contract must be dismissed as a matter of law.

### III.   COUNT THREE – RETALIATORY DISCHARGE AGAINST FOREST RIVER

In his Amended Complaint, Plaintiff alleges retaliatory discharge because of his "opposition to the unlawful conduct." (Am. Compl. at ¶86). But, again, his claim fails under Indiana law. Indiana does not recognize an independent cause of action for "whistle-blowing," and Plaintiff fails to meet Indiana's common law exceptions to the at-will employment doctrine.

Indiana's at-will employment doctrine "permits both the employer and the employee to terminate the employment at any time for a 'good reason, bad reason, or no reason at all.'" *Meyers v. Myers*, 861 N.E.2d 704, 706 (Ind. 2007) (*quoting Montgomery v. Bd. of Trustees of Purdue Univ.*, 849 N.E.2d 1120, 1128 (Ind. 2006)). The landmark case of *Frampton v. Central Ind. Gas Co.,* 297 N.E.2d 425 (Ind. 1973) established the public policy exception to employment-at-will "when an employee is discharged *solely* for exercising a statutorily conferred right . . ." *Id.* at 428 (emphasis added). The exception was expanded in *McClahanan v. Remington Freight Lines, Inc.*, 517 N.E.2d. 390 (Ind. 1998), in which an employee "alleged he was wrongfully discharged for refusing to commit an illegal act for which he would have been personally liable." *Id.* at 393.

Courts have narrowly construed these public policy exceptions to the at-will doctrine. *See, e.g.*, *Haas Carriage Inc, v. Berna,* 651 N.E.2d 284, 288 (Ind. Ct. App. 1995) ("[O]ur supreme court has recognized few limited exceptions to the employment at will doctrine."); *Stivers v. Stevens*, 581 N.E.2d 1253, 1254 (Ind. Ct. App. 1991) ("in *Frampton* our supreme court

7

crafted a narrow exception to the general rule."). Likewise, in *Wior* the court rejected the claim of an ex-employee who claimed he was fired for refusing to terminate the employment of another employee who had filed a worker's compensation claim. 669 N.E.2d at 177-78.

In a more recent case, the Seventh Circuit also rejected an employee's plea to expand Indiana's narrow exception to include "whistle blowing." In *Bregin v. Liquidebt Sys.*, 548 F.3d. 33 (7th Cir. 2008), Bregin, the former employee, alleged he was fired after refusing to participate in illegal accounting practices, and identified himself as a "whistleblower" under the Sarbanes-Oxley Act (although he did not bring a SOX claim).[2] Like Plaintiff in this case, Bregin sued his former employer for retaliatory discharge under Indiana law. The district court dismissed Bregin's claim and the Seventh Circuit affirmed: "At this time, whistle-blowing simply does not form the basis for an exception to Indiana's employment-at-will doctrine." *Id*. at 537.

### IV.   COUNT FOUR – NEGLIGENT MISREPRESENTATION FOREST RIVER AND LIEGL

Plaintiff has also failed to allege a cognizable claim for negligent misrepresentation. Negligent misrepresentation is a disfavored tort under Indiana law and is recognized only under extremely limited circumstances. *Thomas v. Lewis Eng'g, Inc.* 848 N.E.2d 758, 760 (Ind. App. 2006); *Vickers v. Henry County Sav. & Loan Assoc.,* 827 N.E.2d 228, 233 (7th Cir. 1987).

Indiana has adopted the elements of negligent misrepresentation as set forth in the RESTATEMENT (SECOND) TORTS § 552 (1977), but only in the employer-employee context. *Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623 (Ind. Ct. App. 1983) (quoting REST. 2D TORTS § 552). Thus, to survive a motion to dismiss, Plaintiff must allege that Forest River and/or Liegl, had "a duty to supply accurate information, fail[ed] to exercise reasonable care in doing so and

---

[2] The Forest River Defendants have filed a separate motion under FRCP 12(b)(1) to dismiss Mart's claims under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, because the Forest River Defendants are not covered entities under SOX and because Plaintiff failed to timely file his SOX Complaint with the Occupational Health and Safety Administration. *See* Motion to Dismiss Count II of Plaintiff's Amended Complaint.

as a result [Mart], who justifiably relied on the information was damaged." *See Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 584-85 (Ind. Ct. App. 1999). Plaintiff has not met his burden.

### A. NEGLIGENT MISREPRESENTATION IS RECOGNIZED IN INDIANA ONLY IN LIMITED FACTUAL CIRCUMSTANCES NOT ALLEGED HERE.

Plaintiff's claims for negligent misrepresentation do not meet the standards established by Indiana courts. Indiana's seminal case is *Eby*, 455 N.E.2d at 623, in which an employee sued for negligent misrepresentation after his employer falsely represented that there was a job for him in Florida. *Id*. at 625. The employee, relying upon the employer's representations, moved his family to Florida only to find there was no job available. *Id*. The Indiana Court of Appeals held that *those narrow facts* could support a claim for negligent misrepresentation. *Id*. at 630.

Plaintiff's case is distinguishable from *Eby* because in *Eby,* the misrepresentation concerned whether a job actually existed. Here, the availability of the CEO position at Forest River is not at issue. Plaintiff has not alleged otherwise. (*See* Am. Compl.). Plaintiff alleges, rather, that he was not given the CEO job. (*See id*.). This distinction is significant because Indiana courts have consistently rejected arguments like Plaintiff's to expand *Eby's* application beyond the specific facts of that case. *See Darst*, 716 N.E.2d at 584 (declining to extend "the tort's application beyond the specific facts of *Eby*"); *Pugh's IGA, Inc. v. Super Food Svs., Inc.*, 531 N.E.2d 1194, 1199 n.1 (Ind. App. Ct. 1988) ("*Eby* is limited to its own facts.").

Mart's allegations are more analogous to the plaintiff's in *Essenburg v. Reub Williams and Sons, Inc.*, No. S85-679, 1986 WL 15566 (N.D. Ind. Dec. 31, 1986), where the court found the plaintiff did not establish the requisite elements of negligent misrepresentation. In that case, Essenburg worked as the advertising manager for a newspaper. His employer changed Essenburg's position to advertising director and allegedly told him that he could continue his employment until age seventy. *Id*. at *1. After Essenburg was fired at 64, he sought damages

9

for negligent misrepresentation. *Id*. The court held these facts did not establish "the elements of a negligent misrepresentation action under Indiana law as set out in *Eby*." *Id*. at *5.

As in *Essenburg*, the gravamen of Plaintiff's claim concerns the duration of his employment. Plaintiff's complaint is not that the job no longer existed; it's that he did not get it when he wanted. Plaintiff's claim is more like *Essenburg* than *Eby*, and is insufficient to warrant application of the narrowly applied tort of negligent misrepresentation under Indiana law. As in *Essenburg*, Plaintiff's allegations do not state a plausible claim for negligent misrepresentation and should be dismissed.

### B. REPRESENTATIONS CONCERNING FUTURE CONDUCT CANNOT SUPPORT PLAINTIFF'S NEGLIGENT MISREPRESENTATION CLAIM.

Moreover, Plaintiff's allegations do not establish the "statement of fact" element of his claim. Actionable misrepresentations must concern past or presently existing facts. Although Indiana's case law on negligent misrepresentation is sparse, we find guidance in other courts that have recognized the tort. *See Havens v. C&D Plastics, Inc.*, 876 P.2d 435, 448 (Wash. 1994) ("[F]alse representation as to a presently existing fact, [is] a prerequisite to a misrepresentation claim."). "An unfulfilled promise or statement of future events cannot provide the basis of a misrepresentation claim." *Badger Pharmacal, Inc. v. Colgate-Palmolive Co.*, 1 F.3d 621, 627 (7th Cir. 1993) (applying Wisconsin law).

In addition, the Tenth Circuit has explained,

> This is not some obscure technical rule. It is a natural consequence of the meanings of the terms negligent and misrepresentation. A misrepresentation conveys "false information;" that is, it must be a false statement of fact. But a promise in itself contains no assertion of fact other than the implied representation that the speaker intends to perform the promise. The misrepresentation must therefore be that the promisor is falsely declaring that he has the intent to perform. If the promisor intends not to perform, however, the misrepresentation (that the promisor intends to perform) is not negligent; it is, rather, knowing and intentional [i.e. fraud].

*Alpine Bank v. Hubbell*, 555 F.3d 1097, 1107 (10th Cir. Jan. 30, 2009) (internal citations and quotations omitted). *See, e.g.*, *Ameen v. Merck & Co., Inc.*, 226 Fed. Appx. 363, 374 (5th Cir. 2007) ("Negligent misrepresentation claims … cannot rest on future events."); *Badger*, 1 F.3d at 637 (statements of fact must relate to present or pre-existing facts not future ones); *Vint v. Element Payment Svs., Inc.*, No. CV09-00078-PHX-DGC, 2009 WL 1749605, at *6 (D. Ariz. June 18, 2009) (same); *Grossman v. Computer Curriculum Corp.*, 131 F.Supp.2d 299, 309 (D. Conn. 2000); *Kroger v. Legalbill.com, LLC*, 436 F.Supp.2d 97 (D.D.C. 2006) (same); *Madera v. Metro. Life Ins. Co.*, No. 99 CIV. 4005 (MBM), 2002 WL 1453827, at *8 (S.D.N.Y. 2002) (breach of future conduct is not actionable as negligent misrepresentation); *Sain v. Cedar Rapids Comm. School Dist.*, 626 N.W.2d 115, 127 (Iowa 2001) (tort does not apply to statements of future intent); *Wilkinson v. Shoney's, Inc.*, 4 P.3d 1149, 1167 (Kan. 2000) ("[T]he tort of negligent misrepresentation … does not, by its terms, apply to misrepresentation of an intention to perform an agreement.") (quotation and citation omitted); *Dallas Fire Fighters Assoc. v. Booth Research Group, Inc.*, 156 S.W.3d 188, 194 (Tex. Ct. App. 2005) ("[The] sort of 'false information' contemplated in a negligent misrepresentation case is a misstatement of existing fact, not a promise of future conduct."); *see also Birt v. Wells Fargo Home Mortg., Inc.*, 75 P.3d 640 (Wyo. 2003) ("[T]he extension of negligent misrepresentation to situations involving future intentions would endow every breach of contract with a potential tort claim for negligent promise.") (internal quotations omitted).

The language of Plaintiff's allegations illustrates that the representations at issue concerned *future conduct* rather than past or existing facts. Plaintiff alleges that he asked Liegl if he was "*planning* to retire" and whether Liegl was "*planning* for [Mart] to be CEO." (Am. Compl. at ¶33) (emphasis added). Mart alleges further that he "*was to be* named the CEO of

Forest River," that he "*would act* as CEO," and that "Forest River and/or Berkshire Hathaway *would* otherwise employ Mart." (*Id*. at ¶¶91-93) (emphasis added). Plaintiff has failed to allege that either Liegl or Forest River misrepresented a past or present fact. At most, Plaintiff alleges that Forest River and Liegl failed to fulfill a future promise, an allegation that does not establish the requisite "statement of fact" element of his negligent misrepresentation claim.

### C. AS AN AT-WILL EMPLOYEE, PLAINTIFF'S RELIANCE ON ASSURANCES OF FUTURE EMPLOYMENT WAS NOT JUSTIFIED.

Plaintiff's claim also fails because he cannot establish that he "justifiably relied" on the representations. Plaintiff was an at-will employee who could be terminated at any time with or without cause. *Griffin v. Elkhart Gen. Hosp.*, 585 N.E.2d 723, 724-25 (Ind. Ct. App. 1992) ("[E]mployment at-will doctrine states that where the tenure of service of an employee is indefinite or cannot be determined by the terms of the employment contract, employment is presumptively at the will of either party."). In such circumstances, courts have held that "any reliance on representations of future intentions, such as job security or future changes [is] unreasonable as a matter of law."

> This element was recognized by the *Essenburg* Court:
>
> [T]he only representation … made to Mr. Essenburg was that he would have a job for as long as he wanted. The promise of employment was for an indefinite term and did not alter Mr. Essenburg's status as an employee-at-will who could be terminated for cause or without cause. … *Any actions Mr. Essenburg may have taken in reliance on such a representation would … have been unjustified, given his status as an employee-at-will*.

1986 WL 15566, at *5 (emphasis added). As in *Essenburg*, Mart was an at-will employee, thus any action he took in reliance on the Forest River Defendants' alleged representations was unreasonable as a matter of law.

12

Other courts have applied this principle as well.  *See, e.g., Meyercord v. Curry*, 38 A.D.3d 315, 316 (N.Y. Sup. Ct. 2007); *Winn v. Case Corp.*, 33 F.3d 61, at *4 (9th Cir. 1994) (unpublished table decision); *Brethwaite v. Cincinnati Milacron Mktg. Co.*, No. CIV. A. 94-3621, 1995 WL 232519 (E.D. Pa. April 19, 1995) ("A claim of negligent misrepresentation requires that a plaintiff have justifiably relied on the alleged misrepresentation, and an employer's promise is not something which an employee can justifiably rely upon when the employment relationship is at will."); *Arias v. Women in Need, Inc.*, 274 A.D.2d 353, 354 (N.Y. Sup. Ct. 2000) (plaintiff could not establish reliance element because employment was at-will); *see also Colosi v. Electri-Flex Co.*, 965 F.2d 500, 504 (7th Cir. 1992) (employee at-will can only expect to receive wages and benefits for work performed).  In the case at bar, Plaintiff's reliance was unreasonable, and thus, his negligent misrepresentation claim fails.

Plaintiff finds no refuge in the argument that he was not an employee at-will because of the "contract" he and Liegl signed.  Indiana law is clear that even where, as in this case, an alleged contract exists, if the agreement does not establish the duration of employment, the relationship is presumptively terminable at the will of either party.  *Griffin*, 585 N.E.2d at 725.  The 'contract' Plaintiff and Liegl signed plainly does not establish the duration of Plaintiff's employment.  (*See* Am. Compl. at Ex. 1).  Under Indiana law, Plaintiff is therefore an employee at-will who could not reasonably rely on assurances of future employment.

For all of these reasons, Plaintiff's negligent misrepresentation claim fails as a matter of law and should therefore be dismissed.

### V.   COUNT SEVEN – DEFAMATION (INCLUDING SLANDER *PER SE*, LIBEL *PER SE*) AGAINST LIEGL AND FOREST RIVER.

Plaintiff relies on legal conclusions, but has failed to properly plead any facts to support his defamation claim against the Forest River Defendants.  In this circumstance, the United

States Supreme Court encourages courts to engage in a two-step inquiry, *see Iqbal*, 129 S.Ct. at 1950, which dooms Plaintiff's defamation claim. First, although this Court must accept Plaintiff's well-pleaded factual allegations as true, it may begin its analysis by weeding out factual allegations from legal conclusions which are not entitled to a presumption of truth. *Id*. Next, assuming the truth of the well pleaded factual allegations ferreted out in step one, this Court should consider whether those allegations plausibly give rise to the relief sought. *Id*.

In Indiana, to establish a *prima facie* case for defamation, Plaintiff must allege "a communication with defamatory imputation, malice, publication, and damages." *Trail v. Boys and Girls Club of Northwest Ind.*, 845 N.E.2d 130, 135 (Ind. 2006). A statement is *per se* defamatory if it imputes unfitness to perform the duties of a job or a lack of integrity in the performance of duties. *Baker v. Tremco, Inc.*, 890 N.E.2d 73 (Ind. Ct. App. 2008). To survive a motion to dismiss, Plaintiff must allege facts, rather than legal conclusions, that support his defamation claim. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has not met and cannot meet his burden.

### A. Plaintiff Alleges No Facts in Support of his Defamation Claim.

Under *Twombly* and *Iqbal*, this Court may begin its analysis by asking what *facts* (as opposed to legal conclusions) Plaintiff had pled in support of his defamation claim. The answer is none. Plaintiff alleges only:

> After Mart reported the unlawful conduct described herein, Forest River and Liegl made *false and defamatory statements* about Mart's medical health and managerial capabilities both in writings and in oral communications with Forest River personnel and, on information and belief, to employees at Berkshire Hathaway and to the public in general. These false statements were *made with malice* and directly related to Mart's business and profession causing him damages.

(Am. Compl. ¶104) (emphasis added). Plaintiff's allegations are deficient in several respects.

14

First, barebones allegations such as, "Forest River and Liegl made false and defamatory statements … with malice" are legal conclusions insufficient to state a claim for defamation and, in any event, need not be accepted as true. *Iqbal*, 129 S.Ct. at 1951 ("While legal conclusions can provide the framework of a complaint, they must be supported by *factual* allegations.") (emphasis added). Additionally, allegations based on "information and belief" are insufficient as a matter of law to support a defamation claim because they fail to provide the defendant with the factual context needed to form an adequate response and accordingly do not fulfill the notice requirement of FRCP 8. *See Skillstorm, Inc. v. Electronic Data Systems, LLC*, 666 F.Supp.2d 610, 619 (E.D. Va. 2009). At bottom then, Plaintiff offers little more than "unadorned, the defendant-unlawfully-harmed-me accusation[s;]" Rules 8 and 12 require more. *See Iqbal*, 129 S.Ct. at 1949.

### B. PLAINTIFF'S ALLEGATIONS DO NOT LEAD TO A PLAUSIBLY DEFAMATORY STATEMENT MADE BY FOREST RIVER AND LIEGL.

Next, assuming that Plaintiff in fact makes *some* factual allegations that support his defamation claim (he does not), this Court must then consider whether those allegations are sufficient to support his defamation claim as a matter of law. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has not identified any facts that permit this Court to determine that a plausibly defamatory statement was made, communicated to others, and caused harm. Thus, Plaintiff's allegations do not "nudge[] his claims of [defamation] across the line from conceivable to plausible" and his claim fails as a matter of law. *See Iqbal*, 129 S.Ct. at 1950 (internal citations omitted).

Even before *Twombly* and *Iqbal*, courts in the Seventh Circuit required the plaintiff to "set out the operative facts of a defamation claim by including a *specific account* of the alleged defamatory statement in the complaint." *Farr v. St. Francis Hosp. & Health Ctrs.*, No. 1:06-cv-

779-SEB-JMS, 2007 WL 2793396, at *4 (S.D. Ind. Sept. 26, 2007) (emphasis added).[3] *Farr* is representative of the typical Seventh Circuit analysis.

In *Farr*, an employee sued his former employer for, among other things, defamation. In support of his claim, Farr alleged only that his "superiors at St. Francis told other employees at St. Francis, who had no need to know, that Farr had accessed pornography on his St. Francis computer." 2007 WL 2793396, at *4. The employer moved to dismiss the claim under FRCP 12. In *granting* the motion, the court explained,

> [e]ven under notice pleading, a plaintiff must set out the operative facts of a defamation claim by including a specific account of the alleged defamatory statement in the complaint. … Although the alleged defamatory statements need not be recited verbatim … the complaint must give sufficient notice of the alleged statement to allow the defendant to form an appropriate response.

*Id*. Farr's allegations did not provide the requisite notice because they "lack[ed] any reference to the number of speakers or statements made, to whom the statements were made, or when or in what context the statements were made." *Id*. Thus, the court concluded, dismissal under Rule 12 was appropriate.

More recently, since *Iqbal*, federal courts considering defamation claims on a motion to dismiss have required the plaintiff, at a minimum, to identify the speaker and the allegedly defamatory statement. *Stetter v. Blackpool*, No. CV-09-1071-PHX-DGC, 2010 WL 1531082, at *1 (D. Ariz. April 15, 2010) (dismissing defamation claim where plaintiff pleaded identity of the speaker but not the allegedly defamatory statement); *Ruiz v. Nat'l City Bank*, No. 2:09-CV-01586-JAM-GGH, 2010 WL 1006412, at *4 (E.D. Cal. March 17, 2010) (dismissing plaintiff's slander claim where plaintiff failed to plead "any facts identifying what the allegedly damaging or false statements were, the parties to whom the statements were made, or what damage"

---

[3] The Seventh Circuit has not yet applied *Iqbal* to a defamation claim. Though *Farr* pre-dates *Iqbal,* its analysis and conclusion is consistent with *Iqbal.*

plaintiff suffered as a result); *Curry v. Philip Morris USA, Inc.*, No. 3:08cv609, 2010 WL 431692, at *4-5 (W.D.N.C. Feb. 4, 2010) (dismissing defamation claim where plaintiff failed to identify any allegedly defamatory statement).[4]

Mart's case is much like the one asserted by the plaintiff in *Skillstorm*. *See* 666 F.Supp.2d at 619. In *Skillstorm*, a government contractor sued the prime contractor and subcontractor for defamation. *Id*. at 620. In support, Skillstorm alleged "on information and belief," that the defendant made false statements to a third party. *Id*. The defendant moved to dismiss. *Id*. The court found that Skillstorm alleged it was defamed, but did not plead any factual allegations to support its claims. Thus, the court concluded, "Skillstorm's allegations are devoid of the factual support demanded under *Twombly*." Skillstorm did not identify the speaker of the allegedly defamatory statement, when the statement was made, or why the statement was defamatory. *Id*. Such barebones allegations, the court concluded, warranted dismissal under FRCP 12.

As in *Farr* and *Skillstorm*, Mart's defamation allegations are insufficient as a matter of law. Plaintiff does not plead any facts or identify any statements from which this Court could plausibly infer that Forest River or Liegl made any comments, much less defamatory ones about Plaintiff. This is precisely the "type of pleading that *Iqbal* and *Twombly* sought to foreclose." *See id*. Moreover, Plaintiff has not supplied the requisite factual context to permit Forest River or Liegl to form an appropriate response: Plaintiff's allegations lack any specific reference to the number of speakers or statements made, to whom the statements were made, or when or in what

---

[4] This approach is not only consistent with *Iqbal* and *Twombly*, but is also consistent with the pleading standard required by the Indiana Rules of Trial Procedure as interpreted by Indiana courts. *See, e.g., Trail v. Boys & Girls Club of Northwest Ind.*, 845 N.E.2d 130, 138 (Ind. 2006) (plaintiff must identify the specific words alleged to be defamatory and when, where and to whom the statements were made); *Shephard v. Schurz Commc'n., Inc.*, 847 N.E.2d 219, 225 (Ind. Ct. App. 2006) ("[T]he alleged defamatory statement must be included in the complaint."); *Newman v. Jewish Cmty. Ctr. Ass'n of Indianapolis, Inc.*, 875 N.E.2d 729, 734-35 (Ind. Ct. App. 2007) ("Plaintiff must also identify the speaker of those statements.").

17

context the statements were made.  Such allegations do not state a cognizable claim for defamation.  *Id*  Therefore, Plaintiff's defamation claim against the Forest River Defendants also warrants dismissal.

## CONCLUSION

Plaintiff has filed a lengthy Amended Complaint chock full of alleged facts and abundant conclusions all in search of a plausible legal theory; for all of the reasons set forth above, none of his allegations of state law liability applies here.  His Amended Complaint fails to state a claim under Indiana state law for breach of contract, retaliatory discharge, negligent misrepresentation, and defamation. As a result, applying FRCP 12(b)(6), Plaintiff's pendent state claims against the Forest River Defendants, Counts I, III, IV, and VII (sic), should be dismissed with prejudice in their entirety.

Respectfully submitted,

  /s/  Jeanine M. Gozdecki
Jeanine M. Gozdecki (16909-71)
Gerald F. Lutkus (13712-71)
BARNES & THORNBURG
600 1st Source Bank Center
100 North Michigan Street
South Bend, Indiana  46601
Telephone: (574) 233-1171
Facsimile: (574) 237-1125

*Attorneys for Forest River, Inc.
and Peter J. Liegl*

## CERTIFICATE OF SERVICE

       I hereby certify that on June 1, 2010, I electronically filed the foregoing *Brief in Support of Defendants Forest River, Inc. and Peter J. Liegl's Motion to Dismiss Plaintiff's State Law Claims* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

Angelica Catherine Schultis
313 Runaway Bay Circle Apt 2A
Mishawaka, IN 46545
aschultis@schultislaw.com

Kristy M. Rans
Gardner & Rans PC
Wells Fargo Bank Building
112 W. Jefferson, Suite 603
South Bend, IN 46601
krans@gardnerandrans.com

Stephen A. Kennedy
Steven E. Clark
Renee C. Summers
Kennedy Clark & Williams PC
1700 Pacific Avenue, Suite 1280
Dallas, TX 75201
rsummers@kewfirm.com

Cary B. Lerman PHV
Gregory J. Weingart PHV
Lika C. Miyake, PHV
Munger Tolles & Olson – LA/CA
355 S. Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
cary.lerman@mto.com

Ronald L. Lipinski
Steven J. Pearlman
(*Pro Hac Vice* applications pending)
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603

                        /s/  Jeanine M. Gozdecki
                        Jeanine M. Gozdecki