IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRAD A. MART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| vs. | § | 3:10-CV-118-JTM-CAN |
| | § | |
| BERKSHIRE HATHAWAY, INC., | § | (JURY DEMANDED) |
| FOREST RIVER, INC. and | § | |
| PETER J. LIEGL, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS ON THE COUNTERCLAIMS ASSERTED BY DEFENDANTS FOREST RIVER AND PETER J. LIEGL

Pursuant to Fed. R. Civ. P. 12(c), plaintiff Brad Mart moves for judgment on the pleadings on the counterclaims asserted by defendants Forest River, Inc. and Peter J. Liegl and would show the court as follows:

1.   The purchase price that Berkshire Hathaway, Inc. ("Berkshire") paid for the acquisition of Forest River, Inc. ("Forest River") was reported to be approximately $800 Million in the December 2005 edition of the *RV Business Journal*, a trade publication covering the recreational vehicle industry.  *See* Exhibit 1 to Plaintiff's Answer to Counterclaim, Doc. 44-1.

2.   In preparing plaintiff's original complaint, counsel for plaintiff referred to the *RV Business Journal* article for information concerning the Berkshire acquisition and used the estimated purchase price provided in the article to prepare plaintiff's complaint.  *See* Plaintiff's Answer to Counterclaim, Doc. 44, at paras. 11, 12, 16 and 28.

1

3. Because the estimated purchase price of $800 Million was reported publicly in 2005 through the *RV Business Journal*, that information cannot be considered confidential in 2010.

4. Assuming *arguendo* that plaintiff had a contractual or fiduciary obligation to preserve company confidential information, and assuming *arguendo* that such obligation(s) were still in effect at the time plaintiff filed his complaint, the estimated $800 Million purchase price was not confidential due to the prior publication in *RV Business Journal*.

5. Because the estimated purchase price that Berkshire paid for Forest River was reported in the media in 2005, there is no legal basis to support a cause of action that Mart breached any agreement in 2010 for stating the same information in his complaint.

6. Because the estimated purchase price that Berkshire paid for Forest River was reported in the media in 2005, there is no legal basis to support a cause of action that Mart breached any fiduciary obligation in 2010 for stating the same information in his complaint.

For these reasons, and for those asserted in the accompanying brief in support of this motion, Mart hereby moves that the court enter judgment based on the pleadings and dismiss the counterclaims in their entirety.

Dated:  June 25, 2010                          Stephen A. Kennedy, *pro hac vice*
                                                    Steven E. Clark, *pro hac vice*
                                                    Reneé C. Summers, *pro hac vice*
**KENNEDY CLARK & WILLIAMS, P.C.**
1700 Pacific Avenue, Suite 1280
Dallas, TX  75201
214.979.1122
214.979.1123 fax

Angelica C. Schultis
Indiana Bar No. 28774-71
**ANGELICA C. SCHULTIS, ATTORNEY**
313 Runaway Bay Circle, Suite 2A
Mishawaka, IN  46545
574.298.4466

By:   */s/ Stephen A. Kennedy*
       Stephen A. Kennedy

**ATTORNEYS FOR PLAINTIFF BRAD A. MART**

### CERTIFICATE OF SERVICE

     I hereby certify that on June 25, 2010. I electronically filed the foregoing **Plaintiff's Rule 12(c) Motion For Judgment On The Pleadings On The Counterclaims Asserted By Defendants Forest River And Peter J. Liegl** with the Clerk of the Court using the court's CM/ECF system.  All participants in the case are registered CM/ECF users and service will be accomplished by the court's CM/ECF system.

                                                  */s/ Stephen A. Kennedy*
                                                  Stephen A. Kennedy