UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRAD A. MART, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff / Counterdefendant, | ) |  |
|  | ) |  |
| v. | ) | No. 3:10 CV 118 |
|  | ) |  |
| FOREST RIVER, INC. and | ) |  |
| PETER J. LIEGL, | ) |  |
|  | ) |  |
| Defendants / Counterplaintiffs. | ) |  |

## OPINION AND ORDER

Plaintiff and counterdefendant Brad A. Mart ("Mart") filed claims against defendant Berkshire Hathaway, Inc. ("Berkshire) and defendants and counterplaintiffs Forest River, Inc. ("Forest River") and Peter Liegl ("Liegl") (collectively "the FR counterplaintiffs") arising from his termination as Forest River's CEO after he disclosed alleged wrongdoing on the part of Liegl and other Forest River employees to Berkshire's CEO. After Mart filed his complaint, the counterplaintiffs, Liegl and Forest River, filed a counterclaim against Mart for breach of contract and breach of fiduciary duty alleging that Mart breached his duty of confidentiality by revealing information about the sale of Forest River to Berkshire in his complaint and amended complaint filed before this court. (DE # 35.) The counterplaintiffs are primarily concerned with Mart's disclosure of the amount paid for Forest River, but they also assert that Mart disclosed other details about the sale. (*Id*. at ¶¶ 11, 16, 26.)

Mart filed a motion for judgment on the pleadings, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c) requesting dismissal of the counterplaintiffs' claims. (DE # 45.) His primary argument is that the counterplaintiffs have not stated a claim because the purchase price was a matter of public record and not confidential information. (DE # 46 at 2.) To support this argument, Mart has attached to his answer an article published in *RVBusiness* in 2005. (*Id.* at 2.) The article discussed the purchase of Forest River by Berkshire and stated:

> Part of the public's interest in the acquisition, understandably, had to do with the undisclosed price of the sale . . .. Speculation around the industry was that Liegl had banked more than $800 million for the sale of 9-year-old Forest River.

(DE # 44-1 at 3.) Mart states that "[c]ourts in the Seventh Circuit have held that Fed. R. Civ. P. 12(c) permits a court to assess the validity of a cause of action based on the pleadings and attachments thereto and dismiss causes of action that have no supporting legal basis." (*Id.* at 7.) He argues that there is no legal basis to support a cause of action that he breached a duty of confidentiality to the FR counterplaintiffs in 2010 when the *RVBusiness* article stating the industry speculation of the purchase price was published in 2005. (DE # 8.)

The FR counterplaintiffs filed a response opposing Mart's RULE 12(c) motion. (DE # 52.) They argue that Mart's motion should be denied because he impermissibly relies on material outside of the pleadings. (*Id.* at 1.) They contend that a RULE 12(c) motion that is used to dismiss a claim on its merits is subject to the same standard as a

motion for summary judgment. (*Id.* at 3.) They argue that dismissal is not appropriate at this stage because the parties disagree about facts central to the claim, namely whether Mart breached his contractual and fiduciary duties by stating the estimated sale price. (*Id.* at 1.) The FR counterplaintiffs argue that the *RVBusiness* article does not support the conclusion that the amount of the purchase price was not confidential. (*Id.* at 6.)

Mart argues in reply that RULE 12(c) motions should be evaluated under the same standard as RULE 12(b)(6) motions. (DE # 55 at 3.) He argues that the court can consider the magazine article because in ruling on a motion for judgment on the pleadings, courts can consider the pleadings and instruments attached to them as well as documents incorporated by reference to the pleadings and courts can take judicial notice of matters of public record. (*Id.* at 3.) He also argues that there are no remaining issues of material fact. (*Id.* at 10.) To this end, he argues that taking the allegations as true, he had a fiduciary and contractual duty of confidentiality, so the only question is whether he breached that duty in light of the information previously published by *RVBusiness.* (*Id.*) He argues that this is a question of law which can be resolved by the court. (*Id.* at 10-11.)

The FR counterplaintiffs have moved for leave to file a surreply or to strike newly introduced material from Mart's reply. (DE # 57.) They contend that the reply argues for the first time that the *RVBusiness* article was a matter of public record because Berkshire filed it with the SEC. (DE # 57 at 2.) They also argue that Mart contended in his reply for the first time that they had not met the pleading standards of

3

RULE 8. (*Id.*) Mart argues that his reply only responded to arguments raised by the FR counterplaintiffs in their response and that he should be allowed an opportunity to respond to the surreply. (DE # 61 at 3.)

It appears to the court that Mart's reply was primarily responding to the FR counterplaintiff's arguments, so the court will not strike parts of his reply. The FR counterplaintiff's surreply also responds appropriately to Mart's reply. Therefore, the FR counterplaintiff's request for leave to file a surreply will be granted. As explained below, more briefing will be allowed on Mart's motion, so he can respond to any arguments in the surreply then if appropriate.

In their surreply, the FR counterplaintiffs argue again that the summary judgment standard applies to RULE 12(c) motions that ask for a ruling on the merits of the case. (DE # 59 at 2.) They argue that the *RVBusiness* article is not part of the pleadings because it is not a written instrument as defined by RULE 10(c). (*Id.* at 3.) They also contend that the article is not a part of the public record because it was not filed with the SEC. (*Id.* at 3-4.) They also argue that the article has not been incorporated by reference in the counterclaim. (*Id.* at 5.)

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c), after the pleadings are closed, a party may move for judgment on the pleadings. FEDERAL RULE OF CIVIL PROCEDURE 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be

4

given a reasonable opportunity to present all the material that is pertinent to the motion.

To identify a matter as "outside the pleadings," the court must determine what is included in the pleadings. FEDERAL RULE OF CIVIL PROCEDURE 10(c) describes the type of materials that can be considered to be part of the pleadings:

> A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

This means that a court can consider exhibits that contain materials incorporated by reference to the pleadings and central to the plaintiff's claims. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Still, RULE 10(c) is not a license for parties to plead their case by exhibit. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991). Courts can also "consider judicially noticed documents without converting a motion to dismiss into a motion for summary judgment." *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

As discussed above, Mart argues that the *RVBusiness* article is the type of exhibit to the pleadings that can be considered on a RULE 12(c) motion. But this is not the case. First, the Seventh Circuit has found that newspaper articles are not "written instruments" that are considered to be part of the pleadings. *Perkins*, 939 F.2d at 467 n. 2 ("The newspaper articles, commentaries and editorial cartoons which Perkins attached to the complaint referencing this 'scandal,' are not the type of documentary evidence or 'written instrument[s]' which Fed.R.Civ.P. 10(c) intended to be incorporated into, and

5

made a part of, the complaint.")

The *RVBusiness* article is not a document referred to in the complaint and central to the claim. *Wright,* 29 F.3d at 1248. Mart attempts to argue that the *RV Business* article is incorporated by reference because it is central to his complaint. The court is not persuaded that the article is central to Mart's complaint. Even more, as the FR counterplaintiffs point out, the *RVBusiness* article needs to be central not to Mart's complaint but to their counterclaim since the latter complaint is what the RULE 12(c) motion seeks to have dismissed. The counterclaim does not mention the *RVBusiness* article, and it is not central to the claim.

Second, Mart has not shown that the article is a matter of public record. Mart argues that the article is a matter of public record[*] because the article was linked to in Berkshire Hathaway's 2006 annual report which Mart alleges was filed with the SEC. (DE # 55 at 4-5.) However, the FR counterplaintiffs argue that this is incorrect. They argue that the article was part of Berkshire's 2006 annual report to shareholders that was never filed with the SEC. (DE # 59 at 3-4.) It was not part of any reports submitted to the SEC. (*Id.* at 4.) Therefore, it does not appear that the article was submitted to the SEC, so Mart's argument that it is a matter of public record on that basis fails.

---

[*] Mart has not argued that the article is part of the public record because it was published in a magazine. In any case, courts within the Seventh Circuit have not taken judicial notice of newspaper articles outside the pleadings on motions to dismiss. *See Pharmerica Chi., Inc. v. Meisels,* No. 10 C 2741, 2011 WL 679918, at *6 (N.D. Ill. Feb. 16, 2011) (taking judicial notice of a settlement agreement, but striking a newspaper article, noting that it was not referred to in or consistent with the plaintiff's complaint).

Because the *RVBusiness* article is a document outside the pleadings, the court cannot consider it without converting Mart's RULE 12(c) motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). The court will do so, providing the parties an opportunity to "present all material that is pertinent to the motion," as required. *Id.*; *English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993).

For the reasons given above, Forest River and Liegl's motion to file a surreply (DE # 57) is **GRANTED**. Mart's motion for judgment on the pleadings (DE # 45) is **CONVERTED** to a motion for summary judgment. Forest River and Liegl are **ORDERED** to respond to the motion for summary judgment by **April 14, 2011**,. If Mart chooses to file a response, he has until **April 29, 2011**, to do so. The parties are advised that the court has already carefully considered all of the briefs they have submitted on this motion so far. The parties may refer to parts of those briefs in their summary judgment arguments, but they should not restate or reargue arguments already before the court.

                              **SO ORDERED**.

Date: March 14, 2011

                                    s/James T. Moody
                                  JUDGE JAMES T. MOODY
                                  UNITED STATES DISTRICT COURT