IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRAD A. MART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| vs. | § | 3:10-CV-118-JTM-CAN |
| | § | |
| BERKSHIRE HATHAWAY, INC., | § | (JURY DEMANDED) |
| FOREST RIVER, INC. and | § | |
| PETER J. LIEGL, | § | |
| | § | |
| Defendants. | § | |

### REPLY SUPPORTING
### MOTION FOR CERTIFICATE OF APPEALABILITY
### UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)

Plaintiff Brad A. Mart ("Plaintiff") files this Reply supporting his Motion for Certificate of Appealability (DE#106, hereinafter the "Motion")[1] and responds to Berkshire Hathaway, Inc.'s Response to the Motion (DE # 112, hereinafter the "Response") which was subsequently adopted by Forest River, Inc. and Peter J. Liegl (DE # 113). For his Reply, Plaintiff would show the Court as follows:

There are three prerequisites for certification under Rule 54(b):

> The claim certified must be separate from the remaining claims, and the judgment entered on the certified claim must be final under 28 U.S.C. § 1291. Finally, the district court must expressly determine that there is "no just reason for delay."

---

[1] In his Rule 54(b) Motion, Mart advised the Court that he was filing a Notice of Appeal to preclude any argument by the Defendants that the Court's Opinion and Order was a final judgment without regard to Rule 54(b). That protective filing resulted from the fact that the notation "Date Terminated: 02/22/2012" was added to the Court's civil docket sheet for this case after the Court entered its February 22, 2012 Opinion and Order. Subsequent to the filing of the Motion and the Notice of Appeal, it was determined that the "Date Terminated" notation had been erroneously added to the Docket Sheet and it has since been deleted. As a result, Mart voluntarily dismissed his appeal to the Seventh Circuit. The dismissal of that appeal does not affect this Motion and Mart respectfully requests that the Motion be granted so an appeal can proceed in accordance with the Court's certification.

*ODC Communications Corp. v. Wenruth*, 826 F.2d 509, 511-12 (7th Cir. 1987). The Defendants do not contest the finality prerequisite, but focus their arguments on whether the Sarbanes-Oxley claims are separate from the claims remaining before the District Court and the "no just reason for delay" factor

A.      THE SARBANES-OXLEY CLAIMS ARE SEPARATE.

Berkshire takes the position that any amount of factual overlap between the Sarbanes-Oxley claims and the state law claims that remain pending in the District Court is cause for this Court to deny Mart's Motion. (Response, page 7.) Established case precedent from the Seventh Circuit defeats this argument.

To begin, the Defendants fail to recognize the discretion granted to the District Court in deciding whether to grant Rule 54(b) certification. The Supreme Court has explained in *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980) that "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Put simply, the existence of some factual overlap between certified claims and remaining claims does not mean that a district court must deny a motion to certify, as Defendants contend.

An example of a case in which Rule 54(b) certification was granted in the face of factual overlap is *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363 (7th Cir. 1990). In that case Olympia Hotels filed suit against Johnson Wax (formerly known as Racine Hotels) for breach of contract. Racine Hotels filed a counterclaim for breach of contract and fraud. The counterclaims were severed to be heard separately from Olympia's breach of contract claim. At trial, the jury returned a verdict for Olympia. The district judge entered judgment for Olympia under Rule 54(b) of the Federal Rules of Civil Procedure, and Racine appealed. The

Seventh Circuit held that the decision to make the judgment on Olympia's breach of contract claim immediately appealable was not an abuse of discretion, even though there were additional breach of contract and fraud counterclaims pending at the district court level and those claims were based on the same underlying facts.

> If the claims are legally distinct and involve at least some separate facts, the district court has the power to enter a Rule 54(b) judgment, and it becomes a matter of the district judge's discretion, reviewable for but only for abuse thereof, whether to exercise the power and enter such a judgment.

*Id.* at 1368.

Here, even though the Sarbanes-Oxley claims and the remaining state law claims arose during the same time period, the pertinent facts that must be proven to establish Sarbanes-Oxley liability and trigger associated damages and remedies differ substantially from the facts needed to prevail on the remaining state law claims. To the extent that some factual overlap is unavoidable, the minor inconvenience is outweighed by the need for an immediate appeal of Sarbanes-Oxley claims which are continuing to damage the public at large, and Mart in particular. Further delay is truly justice denied.

**B.    THERE IS NO JUST REASON FOR DELAY.**

The District Court may properly weigh the policy disfavoring piecemeal appeals against "whatever exigencies the case at hand may present." *Schaeffer v. First National Bank of Lincolnwood,* 465 F.2d 234, 235 (7th Cir. 1972). See also, *Curtiss-Wright Corp.,* 446 U.S. at 8 (Supreme Court expresses reluctance to establish narrow guidelines for district courts to follow in deciding Rule 54(b) motions).

On the one hand, Berkshire argues that granting Mart's Motion "will unduly burden [it] with the possibility of two appeals." (Response, page 1.) On the other hand, Berkshire also argues that "events in this Court may moot the need for an appeal." (*Id.* at 9.)

Berkshire's burden in dealing with two appeals will be significantly less than the burden that will be imposed on Mart by delaying an appeal of his Sarbanes-Oxley claims. The underlying events that lead to Mart's retaliatory discharge and his Sarbanes-Oxley claim against Berkshire and Forest River occurred in October and November of 2008. It is now April 2012. Although Berkshire Hathaway has been dismissed from the district court case, the remaining Defendants have yet to even file an answer. Discovery on the merits has not started and the claims that remain in the district court are far from being resolved anytime soon. With the passage of time, memories will fade and witnesses may become inaccessible. Mart's ability to present his Sarbanes-Oxley claim will be considerably more difficult to prove, through no fault of his own, as time goes on.

Finally, Plaintiff reiterates that the legislative purpose behind Sarbanes-Oxley is to protect the public from corporate wrongdoing. Such wrongdoing continues unabated at Berkshire Hathaway and Forest River to this day. An immediate appeal would serve the purpose of the statute by preventing undue delay on the resolution of this important issue.

C.   **CONCLUSION**

WHEREFORE, Plaintiff Brad A. Mart respectfully requests that the Court: direct entry of a final judgment with respect to that portion of the Court's February 22, 2012 Opinion and Order (DE # 105) that (a) grants Forest River, Inc.'s and Peter J. Liegl's motion to dismiss Plaintiff's Sarbanes-Oxley Act claim (DE # 29), (b) grants the portion of Berkshire Hathaway, Inc.'s motion to dismiss that relates to Plaintiff's Sarbanes-Oxley Act (DE # 32), and (c) dismisses Berkshire Hathaway from the case; expressly determine that there is no just reason for delay in taking an appeal from that final judgment; and grant Plaintiff such other and further relief as to which he may be justly entitled.

Dated: April 11, 2012.

By: */s/ Stephen A. Kennedy*
    Stephen A. Kennedy

Stephen A. Kennedy, *pro hac vice*
skennedy@mkwpc.com
Steven E. Clark, *pro hac vice*
sclark@mkwpc.com
Kristen E. Knauf, *pro hac vice*
kknauf@mkwpc.com
**MCDOLE, KENNEDY & WILLIAMS, P.C.**
1700 Pacific Avenue, Suite 1280
Dallas, TX 75201
214.979.1122
214.979.1123 fax

Stanley F. Wruble III
**WRUBLE & ASSOCIATES**
315 North Main Street
South Bend, IN 46601
574.282.2200

**ATTORNEYS FOR PLAINTIFF BRAD A. MART**

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2012, the foregoing document is being filed with the Clerk of the Court using the court's CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the court's CM/ECF system.

  */s/ Stephen A. Kennedy*
    Stephen A. Kennedy